# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | No. 7:09-CR-15 (HL) |
| v. | : | |
| | : | |
| JAMES ANTHONY POMPEY, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

On September 29, 2011, the Court received notice that Mr. Allen Baum, attorney for Defendant, and Mr. Charles Calhoun, attorney for the Government, wanted to schedule a conference call. Upon receiving this notice, the Court contacted Mr. Calhoun about the matter. Mr. Calhoun informed the Court that the purpose of the call was to discuss the Court's requirement that Mr. Baum travel from California, where he currently lives and works, to Georgia for Defendant's plea hearing and sentencing. The Court told Mr. Calhoun that a conference call would be unnecessary, provided there were no facts or circumstances in the case that were not revealed to the Court at the pre-trial hearing in Valdosta, Georgia on Monday, September 26, 2011. Mr. Calhoun stated that there were no additional facts.

Approximately an hour after the conversation with Mr. Calhoun, the Court received a call from Mr. Baum, who called from California with the consent of Mr. Calhoun. Mr. Baum explained to the Court the scheduling difficulties that made

traveling to Georgia problematic for him, and Mr. Baum requested that local counsel, Mr. John Gee Edwards, be allowed to stand with Defendant for his plea and sentencing.

To the Court's knowledge, Mr. Baum has been serving as the lead counsel for Defendant in this case, and Mr. Edwards has had little to do with the preparation of the case and the decisions made by Defendant, including the decision to plead guilty. It is the policy of this Court that lead counsel for each party be present for all court proceedings, including plea hearings and sentencing. While the Court is sympathetic to the inherent difficulties that come along with a busy attorney's schedule, especially in the context of representing a client who is across the country, this Court nevertheless requires that lead counsel be physically present for all proceedings.

The Court expressed these policies and views to Mr. Baum, who informed the Court that he has represented clients all around the country, and he would work through the scheduling issues and do the necessary to comply with the Court's order directing him to appear with Defendant. The Court told Mr. Baum that the plea hearing and sentencing could be scheduled at any time reasonably convenient, and that the proceedings could be held in Macon, Georgia, as opposed to Valdosta, Georgia, since Macon is more easily accessible from the Hartsfield-Jackson Airport in Atlanta.

The Court will await advice from Mr. Calhoun and Mr. Baum about when to schedule the plea hearing. However, the Court orders the parties inform the

Court of a date for the hearing on or before Tuesday, October 4, 2011. Failing word from the parties by this date, the Court will schedule the plea hearing at its own convenience.

    **SO ORDERED,** this 29th day of September, 2011.

                                ***s/ Hugh Lawson***
                                HUGH LAWSON, SENIOR JUDGE

ebr